**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JOSEPH ARMSTRONG,

                Plaintiff,

    v.

DEPARTMENT OF COMMERCE,

                Defendant.

Case No. 24-cv-3185 (JMC)

---

**MEMORANDUM OPINION**

This matter is before the Court for review of Plaintiff Joseph Armstrong's *pro se* complaint for employment discrimination. ECF 21. Plaintiff sues the U.S. Department of Commerce[1], which has moved to dismiss Plaintiff's complaint.[2] For the reasons discussed below, the Court **GRANTS** Defendant's motion and **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim under Rule 12(b)(6).[3]

---

[1] Defendant moves to dismiss because the U.S. Department of Commerce is the wrong entity to sue. ECF 24 at 8. Defendant is correct that Plaintiff should have named the agency head, Secretary Howard Lutnick, as defendant. *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (noting that the "head of the agency is the only proper defendant in a Title VII action"). Because Plaintiff is *pro se*, the Court will construe his claims as against Secretary Lutnick rather than dismiss on that basis.

[2] Plaintiff's form complaint lists "Thomas Duffy" in a section under the heading "The Defendant(s)." ECF 21 at 1–2. Thomas Duffey is the Assistant United States Attorney representing the government in this matter. It seems clear from the record of this case that Plaintiff's inclusion of the AUSA in that section is an error and that he is not actually attempting to sue government counsel. As the Court will explain, this is an employment case brought under Title VII and the Age Discrimination in Employment Act. Mr. Duffey's only involvement in this case is as an attorney for the government in this litigation. Government counsel is (obviously) not Plaintiff's former employer, the complaint includes no causes of action that can be brought against individual AUSAs, and there is no description of any claims against government counsel in any of Plaintiff's filings. The Court is dismissing this case in its entirety but clarifies that it only understands Plaintiff to be attempting to sue his former employer.

[3] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

## I.    BACKGROUND

Plaintiff's suit originated as an appeal from the Merit Systems Protection Board to the Federal Circuit but was transferred to this Court. ECF 1; ECF 14.  Because of that posture, Plaintiff had not filed a complaint outlining his claims at the time the case was transferred. Once the case was assigned to this Court, Defendant moved for an order requiring Plaintiff to submit a complaint "articulating what [his] claim is and why Plaintiff is entitled to relief" so that it could "understand and defend against Plaintiff's claim." ECF 18 at 2. The Court then issued an order directing Plaintiff to file a complaint. ECF 20. In its order, the Court pointed Plaintiff to the specific Federal Rules of Civil Procedure with which his complaint needed to comply. The Court instructed Plaintiff that Rule 8(a) required a "short and plain statement of each claim showing the pleader's entitlement to relief," and that he should "state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Rule 10(b). *Id.* at 2. The Court also advised that "each claim founded on a separate transaction or occurrence should . . . be stated in a separate count of the complaint." *Id.* The Court warned that his case could be dismissed if he did not comply with the Court's order.

In response to the Court's order, Plaintiff submitted a complaint purporting to bring his suit under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and for "retaliation." ECF 21 at 3 (citing 42 U.S.C. §§ 2000e–2000e-17, 29 U.S.C. §§ 621–34). He alleges only that he was a "victim of racial and age discrimination as well as reprisal" for filing an EEO Complaint against his supervisor and manager, *id.* at 5, and that he seeks to "recoup . . . income, leave pay, annual bonus and [] retirement pay," *id.* at 6. Plaintiff provides no further factual details in his complaint, except for noting that the alleged discriminatory acts occurred on December 3, 2001, May 22, 2002, October 8, 2021, and March 21, 2022, and checking

boxes reflecting that he was terminated, retaliated against, and subjected to "[u]nequal terms and conditions" of employment. *Id.* at 4. As an attachment to his complaint, Plaintiff included a letter which accuses the Department and his manager (identified only by the initials "CW") of "coerc[ing]" a witness's testimony and alleges that an administrative law judge engaged in suspicious activities by reviewing transcripts of proceedings before they were released. *Id.* at 13. As best the Court can discern, Plaintiff alleges in broad strokes that he was the victim of retaliation by his manager for filing an EEO complaint and that he was discriminated against and subject to a hostile work environment at the Department, potentially resulting in termination. *Id.* But, despite the Court's instructions, he did not identify in separate counts of the complaint the basis for "each claim founded on a separate transaction or occurrence," ECF 20 at 2, or otherwise provide any factual allegations describing what he claims happened to him. In response, Defendant filed its motion to dismiss, citing, among other arguments, Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 12. ECF 24 at 5–8. The Court issued a Fox Order, notifying Plaintiff that he needed to respond to Defendant's arguments or risk dismissal of his case. ECF 26 at 1–2. Plaintiff filed a response and Defendant replied. ECF 27; ECF 28-1.

## II.    ANALYSIS

Plaintiff was directed by the Court to file a complaint that contains the factual allegations necessary to state a claim but has failed to do so. ECF 20 at 2. Accordingly, the Court will grant Defendant's motion to dismiss and dismiss Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim under Rule 12(b)(6).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). First, Rule 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, the complaint does not explain the grounds for the Court's jurisdiction or provide a statement of the claim showing that Plaintiff is entitled to relief, *see* Fed. R. Civ. P. 8(a), and the allegations cannot be described as simple, concise, and direct, *see id.* 8(d)(1). In his attachments, Plaintiff accuses his former manager at the Department, the administrative law judge in his prior proceedings, and a witness in the case of unspecified wrongdoing, but that does not help the Court understand what happened during his employment at the Department. When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And a "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014).

Plaintiff's complaint also fails to meet the requirements of Rule 12(b)(6) because it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* complaint is "held to a less stringent standard than formal pleadings drafted by lawyers." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002). But while "a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint must present a claim on which the court can grant relief," *id.*, and a plaintiff must still plead sufficient "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Plaintiff has offered vague and conclusory allegations of wrongdoing without any factual specificity that would allow the Court to draw inferences in his favor or find that he has established a plausibility of wrongdoing. While he uses language that references the legal claims of discrimination and retaliation, his complaint does not clearly state, for example, what discriminatory or retaliatory acts were taken against him.

While Plaintiff provides some additional factual background in his opposition to the motion to dismiss, he would still fail to state a claim even if the Court generously construed such information to be part of his complaint. Plaintiff states in his opposition that he was suspended from employment in October 2021 and received a 2021 performance rating "that was not an accurate reflection of his performance." ECF 27 at 1. He also states that, in December 2021, "while he was out on medical leave," unknown persons broke into his cabinets and stole his computer monitor and personal items. *Id.* Months later, in April 2022, he was placed on administrative leave during the "pendency of an administrative investigation regarding whether [he] threatened Malik Prescott." *Id.* at 2. Upon reading these allegations, the Court cannot conclude that Plaintiff plausibly alleges race or age discrimination or retaliation. It is unclear how Plaintiff's suspension or termination of employment relates to the performance rating, medical leave, alleged thefts, or potential threatening of Mr. Prescott. Plaintiff then supplements these allegations with accusations of wrongdoing by the administrative law judge and witnesses in that proceeding who "collectively conspired" against him. *Id.* at 2. Such wide-ranging allegations of conspiracy fail to state a claim upon which relief can be granted. *Id.* (alleging that "Agencies Witnesses Assistant Directors and Supervisors collectively conspired to discriminate [against] me"); *McCreary v. Heath*, No. 04-cv-623, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) ("Plaintiff has failed to provide anything

5

other than conclusory allegations of conspiracy and has failed to allege that any conspiracy was the result of a race-based animus, and therefore has failed to state a claim upon which relief can be granted.").

Defendant's motion to dismiss is **GRANTED**, ECF 24, and Plaintiff's complaint is therefore **DISMISSED** for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6). Because the Court previously issued an order providing specific directions to Plaintiff concerning the form and content of his complaint, ECF 20, the Court dismisses this matter rather than, sua sponte, giving him another opportunity to submit a complaint that conforms to the applicable rules. However, the Court dismisses this case without prejudice. A separate order accompanies this memorandum opinion.

_____
JIA M. COBB
United States District Judge

Date: March 27, 2026